1
2
3
4
5
6
7
8
9                    UNITED STATES DISTRICT COURT
10                   SOUTHERN DISTRICT OF CALIFORNIA
11

12   NEXSAN GOWOLO,                        Case No.:  17-cv-1963-WQH-AGS
13                         Petitioner,
                                          **ORDER**
14   v.

15   PEOPLE, Warden,

16                         Respondent.
17

18        Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas
19   Corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1).  The Petition is subject to dismissal
20   without prejudice because Petitioner has failed to satisfy the filing fee requirement, failed
21   to name a proper respondent, and failed to allege exhaustion of state court remedies.

22   **I.  Failure to Satisfy Filing Fee Requirement**

23        Because this Court cannot proceed until Petitioner has either paid the $5.00 filing
24   fee or qualified to proceed in forma pauperis, the Court DISMISSES the case without
25   prejudice.  *See* Rule 3(a), 28 U.S.C. foll. § 2254.

26   **II.  Failure to Name Proper Respondent**

27        Review of the Petition reveals that Petitioner has failed to name a proper respondent.
28   On federal habeas, a state prisoner must name the state officer having custody of him as

                                     1

the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." *Id.* Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "People" as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). Because Petitioner has not named as respondent the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation, the Court DISMISSES the case without prejudice.

17-cv-1963-WQH-AGS

## III. Failure to Allege Exhaustion of State Judicial Remedies

Finally, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

Petitioner does not allege that he raised his claims in the California Supreme Court. In fact, he indicates that he has not presented his claims to that court. (*See* Pet. at 6-7). If Petitioner has raised his claims in the California Supreme Court, he must make that clear. The burden of proving that a claim has been exhausted lies with the petitioner. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

The Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created

17-cv-1963-WQH-AGS

by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.  Consequently, the Court DISMISSES the Petition without prejudice.

**IV.  Conclusion**

Based on the foregoing, the Court DISMISSES the Petition for a Writ of Habeas Corpus (ECF No. 1) without prejudice because Petitioner has failed to satisfy filing fee requirement, failed to name a proper respondent, and failed to allege exhaustion of state judicial remedies.  To have this case reopened, Petitioner must (1) submit a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee no later than December 12, 2017, and (2) file a First Amended Petition which cures the pleading defects

17-cv-1963-WQH-AGS

1  identified above.  The Clerk of Court shall send a blank Southern District of California In

2  Forma Pauperis Application and a blank Southern District of California amended petition

3  form to Petitioner along with a copy of this Order.

4      IT IS SO ORDERED.

5   Dated:  October 12, 2017

6                                      Hon. William Q. Hayes
                                       United States District Court
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28